## PARKS *v.* PARKS *et al.*

A testator made bequests of stated amounts to his children, and then provided, in the same item of the will and in immediate connection: "I do this in order to make them equal with my wife [the petitioner], who has heretofore received from me the residence lot in the city of Thomaston, and which she will come fully into possession of at my death." Immediately following this, in the same item, is the further provision: "The residue of my estate I give, bequeath, and devise to my wife and children and grandchildren, dividing it into five shares, and to my wife one share, to my three children each one share, and to my two grandchildren, children of Otis D. Parks, one share." In the next item it is provided, on the contingency that his wife will not participate in the estate under the preceding provisions of the will, but will claim dower, etc., that after the assignment of dower, in the event the wife claims it, the residue of the estate shall be divided in the proportion fixed in the will amongst the children and grandchildren. The wife did not elect to take dower, but stood on the provisions indicated above, and, after the will was probated in common form, filed her petition against the executor and the children and grandchildren, setting up that equality between herself and his children in the distribution of the estate was the predominant idea in the mind of the testator, but that the house and lot referred to was not equal in value to the legacies left to the children; and she prayed that she have judgment against them for an amount which would bring about the equality which the testator intended. She claims under the will as it is written, not praying for any construction of the same by the court. *Held,* that the wife was not entitled to the judgment against the other legatees. Taking under the will, as she manifestly intends to do, she could have no other legacy than the house and lot and the proportionate part of the residue of the estate as provided under the will.

No. 5472. OCTOBER 18, 1926.

Equitable petition. Before Judge Searcy. Upson superior court. May 15, 1926.

*Darsey & Miller,* for plaintiff. *W. M. Dallas,* for defendants.

BECK, P. J. Mrs. Marie Parks, the second wife of her deceased husband, P. C. Parks, filed her equitable petition against his children, Georgia Parks Zorn, Annie L. Caraway, and W. O. Parks, and his grandchildren, Sarah Virginia Hudson and Otis Parks, and against Claude Worrill, the executor of the will of the husband. This will was probated in common form, and the executor is proceeding to execute it. In the petition it is alleged as follows: The will provided for a special legacy of $2500 to the testator's daughter, Annie L. Caraway, in order to make her equal with his other children, to whom he had made advances while in life. In

Wills, 40 Cyc. p. 1989, n. 70.

the third item of the will the testator made other special bequests and legacies, and undertook to give to his three children named in the first item the sum of $4,000 each, "and to your petitioner he gave as her share a house and lot in the City of Thomaston." She contends that the testator's "scheme and general intention, gathered from reading the whole will, was to divide his property equally among those who had the first claim on his property, as evidenced by the special legacy to his daughter, Annie L. Caraway;" that this idea of equality is evidenced throughout the whole will; that "despite testator's desire for an equal division among his children and petitioner, she, petitioner, has received only a house and lot in the city of Thomaston, of the value of two thousand dollars at the time of testator's death, and also at the time of the execution of said will, and that said house and lot are worth no more than two thousand dollars at the present time, whereas, on the other hand, the children of testator named above each received four thousand dollars as their respective shares, under the special legacy provided for in item 3 of said will, a copy of which is hereto attached. Petitioner further shows that testator never intended that she should not share with the other beneficiaries named above, either in the special legacies or in the general legacies; and that to force her to take as her share the said house and lot, worth only two thousand dollars, would have the effect of defeating testator's clear and expressed intention as set out in the will." She is willing to sell the house and lot on the market for all that it will bring, and turn the proceeds over to the estate, "the other beneficiaries making good any difference that may exist between the proceeds of the sale and $4,000." In order to defeat the intention of testator to bequeath and devise equally between his said children and petitioner, he was unduly influenced by said children, in the execution of the said will, to place a valuation on said house and lot far in excess of their real value; or he made a mistake in so doing. In the administration of the affairs of the testator under the will by the executor, she will be injured, and her loss will be two thousand dollars. She prays that she have judgment against the defendants in the sum of $2,000; and that she have such other relief as is incident to a court of equity. A copy of the will was attached as an exhibit. The portions of it material to this case are as follows:

"Item 2. Desiring to deal justly with those who would inherit my estate under the law, and knowing that I have already given to my other children since their majority as much or more, I hereby give and bequeath to my daughter, Annie L. Caraway, the sum of twenty-five hundred dollars, thus making her equal with them.

"Item 3. Should my wife, Marie Parks, elect to take a child's part in my estate in lieu of dower, then I bequeath to my children and representatives of my deceased son, Otis D. Parks, amounts as follows: To Georgia Parks Zorn, Annie L. Caraway, and W. O. Parks, each the sum of four thousand dollars; and to my two grandchildren, Sarah Virginia Hudson and Otis Parks, the said sum of four thousand dollars. I do this in order to make them equal with my wife, Marie Parks, who has heretofore received from me the residence lot in the city of Thomaston, and which she will come fully into possession of at my death. Then the residue of my estate I give, bequeath, and devise to my wife and children and grandchildren, named in this paragraph or item of my will, dividing it into five shares, and to my wife one share, to my three children each one share, and to my two grandchildren, children of Otis D. Parks, one share."

The court sustained a general demurrer and dismissed the case; and the petitioner excepted.

It is manifest that the petitioner is seeking to take under the will. It is true that in one paragraph of her petition it is alleged, that, "in order to defeat the testator's intention to bequeath and devise equally between his children and petitioner, he was unduly influenced by his children, in the execution of the will, to place a valuation on the house and lot far in excess of their real value; or that he made a mistake in so doing." This, however, is not treated as raising a ground for setting aside the will; for, if she desired to have the will set aside on the ground of undue influence, the question should have been made by filing a caveat to the probate of the will, so as to raise the question of devisavit vel non. We assume that this paragraph is put into the petition on the idea that it throws light on the petitioner's contention that equality, which the testator really intended, as it is alleged, had not been attained. So the will in itself is not attacked, and construction of the instrument is not prayed; and petitioner must

be regarded as standing on the will as it is written. Standing so, she is not entitled to have judgment against the defendants in the amount prayed, or in any other amount. And no other equitable relief is prayed. The fourth ground of the general demurrer is as follows: "Defendants demur generally to said petition, upon the ground that it presents no cause for equitable interference with the administration of said estate; that it presents no allegations that plaintiff is being deprived of anything under the terms of the will; that it presents no question of interpretation of the will, as the copy attached thereto shows that the terms thereof are clear, plain, and unambiguous, and does not allege a construction is necessary to this plaintiff as beneficiary because she is deprived of certain rights specified which are given her by said will; that a court of equity can not consider a question of undue influence in a collateral attack on the will; that this petition should be dismissed, because it is an attempt to change the will and vary its clear and unambiguous terms in a court of equity; that plaintiff has elected to take under said will, as shown by her pleadings, and she can not attack same in this court." This ground of the demurrer indicates points of fatal weakness in the petition, and the court properly sustained it and dismissed the case.          *Judgment affirmed.   All the Justices concur.*